UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 17-21-DLB

BRYCE JACOBS BRADLEY                                                          PLAINTIFF

VS.                    MEMORANDUM OPINION AND ORDER

JASON HANKINS, et al.                                                          DEFENDANTS

*** *** *** ***

Inmate Bryce Jacobs Bradley, proceeding without an attorney, filed a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. # 3). In his complaint, Bradley indicates that he is suing Defendants Jason Hankins, Christopher Hankins, and Sandra Zavodny, all employees of the Grant County Jail, only in their official capacities. (Doc. # 3 at 2).

The Court preliminarily reviewed Bradley's Complaint and recognized that he appears to assert three distinct claims: (1) that Major Jason Hankins ordered two other officers to use a Taser on him without justification, (2) that he is not permitted to receive any mail other than legal mail while held in segregation, and (3) that Officer Zavodny has prevented him from getting a prison job. (Doc. # 3 at 4-6). However, Federal Rule of Civil Procedure 20(a)(1) does not permit multiple defendants to be joined in a single action where the claims against them are unrelated. *Cf. Wheeler v. Wexford Health Sources, Inc.*, 689 F. 3d 680, 683 (7th Cir. 2012). In light of this fact, the Court issued an order directing Bradley to file a notice identifying the claim he wishes to pursue in this action and indicating whether he wishes the remaining claims to be severed from this action or dismissed without prejudice. (Doc. # 5).

1

In response to the Court's Order, Bradley filed a letter into the record saying, among other things, that he wanted to proceed with the excessive force claim and have the Court sever the unrelated claims into separate cases. (Doc. # 6). The Court will permit Bradley to proceed in this fashion. Thus, the Court will screen his excessive force claim in this action, and it will sever his second and third claims into separate actions.

With respect to Bradley's excessive force claim, it is significant that he is suing the defendants only in their official capacities because that means his claim is essentially against the Grant County Jail itself. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003). However, the Grant County Jail is not liable merely because it employs the defendants; instead, the defendants' actions must have been directly attributable to a policy or custom of their employer. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978). Here, Bradley does not claim that any policy or custom of the Grant County Jail prompted the defendants' alleged action with respect to the Taser. Therefore, Bradley's excessive force claim against the defendants in their official capacities fails to state a claim upon which relief may be granted. Accordingly, the Court will dismiss that claim. That said, to the extent that Bradley would like to pursue an excessive force claim against one or more of the defendants in their individual capacity, Bradley may do so by filing a new complaint with this Court. Accordingly,

**IT IS ORDERED** as follows:

(1) Bradley's excessive force claim against the defendants in their official capacities is **DISMISSED**;

(2) The Clerk of the Court shall send Bradley a form Civil Rights Complaint [EDKY Form 520] and an Affidavit of Assets/In Forma Pauperis Application [Form AO-240] and a Certificate of Inmate Account [EDKY Form 523];

(3) If Bradley would like to pursue an excessive force claim against one or more of the defendants in their individual capacity, he may do so. However, he must complete and file his complaint using the court-supplied complaint form. He must also either pay the $400.00 in required filing and administrative fees or (1) have the Certificate of Inmate Account [EDKY Form 523] certified by prison staff, (2) complete the Affidavit of Assets/In Forma Pauperis Application [Form AO-240], and (3) file both of them with the Court;

(4) Bradley's second claim, that he is not permitted to receive any mail other than legal mail while held in segregation, which he also brings against the defendants in their official capacities, is **SEVERED** from this action. The Clerk of the Court shall **OPEN** a new civil action filed by Bradley regarding this claim. The Clerk shall **FILE** Bradley's Complaint (Doc. # 3) as the initiating document in that action, along with a copy of this Order;

(5) Bradley's third claim, that Officer Zavodny has prevented him from getting a prison job, which he brings against Zavodny in her official capacity, is also **SEVERED** from this action. The Clerk of the Court shall **OPEN** a new civil action filed by Bradley regarding this claim. The Clerk shall **FILE** Bradley's Complaint (Doc. # 3) as the initiating document in that action, along with a copy of this Order;

(6) Both new civil actions set forth in paragraphs (4) and (5) herein **shall be assigned by the clerk to the undersigned judge**;

(7) This matter is **STRICKEN** from the active docket; and

(8) A Judgment shall be entered contemporaneously with this Order.

This 23rd day of April, 2017.



Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\ProSe\17-21 order to dismiss and sever.wpd